UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew WATSON,<br><br>                                   Plaintiff,<br><br>v.<br><br>CITY OF SANTEE, et al.,<br><br>                                   Defendants. | Case No.: 23-cv-1913-AGS-AHG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND CLOSING CASE** |

Plaintiff Andrew Watson requests to proceed without paying the filing fee. (*See* ECF 2.) That request is denied.

Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). An affidavit in support of an IFP application is sufficient if it alleges that "the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Although plaintiffs "need not be absolutely destitute to obtain benefits of the in forma pauperis statute," they must still "allege poverty with some particularity, definiteness and certainty." *Id*.

According to Watson's sworn affidavits, he has limited assets: about $600 in cash, plus a 1997 vehicle for which he declined to provide a valuation. (ECF 2, at 2–3.) But his total monthly income is $3,398 (*id.*), which he uses to meet expenses of only $2,795 (*id.* at 4), leaving a remainder of $603 every month. Watson's discretionary income for just one month easily covers the filing fees. And those fees amount to less than twelve percent

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $55 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2023).

1

of his total monthly income. *Cf. Escobedo*, 787 F.3d at 1234 (reversing an IFP denial when the $350 filing fee "represented roughly forty percent" of plaintiff's "monthly income *before* expenses" and, after expenses, plaintiff "would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee").[2] As a result, Watson does not qualify to proceed in forma pauperis. *See Berner v. Comm'r of Soc. Sec. Admin.*, No. CV-23-00677-PHX-JAT, 2023 WL 3246978, at *1 (D. Ariz. May 4, 2023) (denying IFP at 8% of total income); *see also Escobedo*, 787 F.3d at 1234 (noting that denying IFP at 13% of total family income is the "outer boundary of stringency").

Thus, Watson's IFP motion is denied. The Court will provide him 90 days to pay the filing fees. The Clerk is directed to close this case for failure to pay the filing fee, but the Clerk will automatically reopen the case and issue summons if the filing fee is paid by **March 13, 2024**.

Dated:  December 14, 2023

Hon. Andrew G. Schopler
United States District Judge

---

[2] Unlike *Escobedo*, Watson already included food in his monthly expenses, so there is no concern that paying the fees will force him to starve. (*See* ECF 2, at 4 (budgeting a healthy $800 per month for food).)

2